UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| XAVIER GOMES, <br> *Plaintiff* | CIVIL ACTION NO: |
| VS. | JURY TRIAL REQUESTED |
| PITNEY BOWES, INC., <br> *Defendant* | JULY 14, 2020 |

## COMPLAINT

SUBJECT MATTER AND VENUE:

1. This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, *et seq*.

2. Venue is proper in the District of Connecticut because the events at issue took place within this District, the Plaintiff resides in this District, and the Defendant has its corporate headquarters located within this District.

PARTIES:

3. At all times set forth herein, the Plaintiff, Xavier Gomes, was a resident of Wethersfield, Connecticut.

4. At all times set forth herein, the Defendant, Pitney Bowes, Inc., was a corporation organized under the laws of the State of Connecticut, with its corporate headquarters located in Stamford, Connecticut.

FACTUAL ALLEGATIONS:

5. The Plaintiff began working for the Defendant on or about December 21, 2008.

6. Throughout the duration of Plaintiff's employment with the Defendant he held the position of Machine Operator.

7. In or around late February of 2020, the northeastern United States, including the State of Connecticut, began to suffer the effects of the COVID-19 global health pandemic.

8. On March 10, 2020, Ned Lamont, Governor of the State of Connecticut, declared a public health emergency throughout the State in response to the global pandemic of COVID-19, which had at that juncture "resulted in the spread of infections in Connecticut and surrounding states[.]"

9. On March 16, 2020, the Plaintiff began to fill feel ill and experienced symptoms of high fever and difficulty breathing, two symptoms associated with COVID-19.

10. Plaintiff sought treatment with his primary care doctor due to the aforesaid symptoms.

11. Upon examining Plaintiff, his primary care doctor opined the Plaintiff was likely suffering from COVID-19, however, on account of the limited testing capacity then-available in the early stages of the COVID-19 pandemic and the resulting rationing of tests to persons with severe symptoms, Plaintiff's doctor was unable to refer Plaintiff for COVID-19 testing.

12. Due to Plaintiff's likely COVID19 diagnosis, his doctor instructed him to self-quarantine for a period of two weeks, in accordance with the then-existing guidance from the Centers for Disease Control and Prevention ("CDC"), the United States federal public health agency.

13. On March 18, 2020, the Plaintiff notified the Defendant that he was likely COVID-19 positive and had been instructed to self-quarantine.

14. In accordance with the self-quarantine order, Plaintiff remained out of work through March 25, 2020.

15. On March 25, 2020, the Plaintiff received a letter notifying him that his employment was being terminated because he had accrued an excess amount of attendance points in connection with his absence from work following his self-quarantine order.

**FIRST COUNT:** **Interference in violation of FMLA 29 U.S.C. § 2612 *et seq*.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of this First Count, as if fully set forth herein.

16. At all times relevant hereto, the Defendant employed more than 50 employees within a 75 mile radius of the Plaintiff's place of employment.

17. At all times relevant hereto, the Plaintiff worked over 1,250 hours for the Defendant in the 12 months preceding his need for medical leave.

18. Plaintiff's self-quarantine order and likely COVID-19 diagnosis continue a qualifying basis for leave under the FMLA.

19. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, and the Plaintiff gave notice for his need for leave under the FMLA, for which he was eligible, as set forth above.

20. The Defendant interfered with Plaintiff's rights under the FMLA in one or more of the following ways:

   a. Failed to notify him of his right to take a leave of absence under the FMLA;

   b. Failed to grant Plaintiff the leave of absence he was entitled to under the FMLA;

   c. Failed to reinstate his to her position following a leave of absence under the FMLA.

21. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

22. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

**<u>SECOND COUNT</u>:**  **Retaliation in violation of the FMLA 29 U.S.C. § 2612 *et seq*.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 15 above as Paragraphs 1 through 15 of this Second Count, as if fully set forth herein.

16. At all times relevant hereto, the Defendant employed more than 50 employees within a 75 mile radius of the Plaintiff's place of employment.

17. At all times relevant hereto, the Plaintiff worked over 1,250 hours for the Defendant in the 12 months preceding his need for medical leave.

18. Plaintiff's self-quarantine order and likely COVID-19 diagnosis continue a qualifying basis for leave under the FMLA.

19. The Plaintiff was an eligible employee under the FMLA, the Plaintiff was a qualified employee and entitled to a leave under the FMLA, and the Plaintiff gave notice for his need for leave under the FMLA, for which he was eligible, as set forth above.

20. The Plaintiff was retaliated against and subject to adverse employment action for exercising and / or attempting to exercise his rights under the FMLA.

21. As a result of the foregoing unlawful conduct of the Defendant, Plaintiff has suffered and will continue to suffer, lost wages and benefits, as well as other consequential losses and damages.

22. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has incurred, and will incur, attorney's fees and costs.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

3. Costs and reasonable attorney's fees incurred in connection with this action;

4. Such additional or alternative relief as is allowed by law.

> THE PLAINTIFF,
> XAVIER GOMES
>
> By: _____
> Michael J. Reilly, Esq.
> Federal Bar No. ct28651
> CICCHIELLO & CICCHIELLO, LLP
> 364 Franklin Avenue
> Hartford, CT  06114
> Tel: (860) 296-3457
> Fax: (860) 296-0676
> Email: mreilly@cicchielloesq.com

<b><u>UNITED STATES DISTRICT COURT<br>FOR THE<br>DISTRICT OF CONNECTICUT</u></b>

| | | |
|---|---|---|
| **XAVIER GOMES,**<br>　　*Plaintiff* | \| | **CIVIL ACTION NO:** |
| **VS.** | \| | **JURY TRIAL REQUESTED** |
| **PITNEY BOWES, INC.,**<br>　　*Defendant* | \| | **JULY 14, 2020** |

<b><u>JURY DEMAND</u></b>

The Plaintiff hereby demands a trial by jury as to all matters so triable.

　　　　　　　　　　　　　　　　　　THE PLAINTIFF,
　　　　　　　　　　　　　　　　　　XAVIER GOMES

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Michael J. Reilly, Esq.
　　　　　　　　　　　　　　　　　　Federal Bar No. ct28651
　　　　　　　　　　　　　　　　　　CICCHIELLO & CICCHIELLO, LLP
　　　　　　　　　　　　　　　　　　364 Franklin Avenue
　　　　　　　　　　　　　　　　　　Hartford, CT  06114
　　　　　　　　　　　　　　　　　　Tel: (860) 296-3457
　　　　　　　　　　　　　　　　　　Fax: (860) 296-0676
　　　　　　　　　　　　　　　　　　Email: mreilly@cicchielloesq.com